IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV176-1-MU

JONEKA DARCELL LOVE,     )
                                         )
        Petitioner,         )
                                         )
        v.                        )        **O R D E R**
                                         )
SOUTH CORRECTIONAL INSTITUTE,  )
                                         )
                                         )
        Respondent.        )
_____)

**THIS MATTER** comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus, filed April 24, 2009.

A review of the subject federal habeas petition reflects that on June 6, 2002, Petitioner entered a guilty plea to Murder, Conspiracy to Commit Robbery with a Dangerous Weapon, Attempted Robbery with a Dangerous Weapon, Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury, Assault with a Deadly Weapon with Intent to Kill, Discharging a Weapon Into Occupied Property, and First Degree Burglary. At a September 22, 2003, criminal session, Petitioner's guilty plea was set aside pursuant to a Motion for Appropriate Relief filed by Petitioner's counsel and joined by the State. At that same session of court, Petitioner re-entered her guilty pleas to the same charges pursuant to a new plea agreement and received consecutive terms of imprisonment totaling a minimum of 298 months and a corresponding maximum of 385 months imprisonment. Petitioner did not directly appeal her sentence and conviction. On or about March 23, 2007, Petitioner filed a Motion for Appropriate Relief (MAR) in the Gaston County Superior

Court.  Petitioner's MAR was denied on April 11, 2007.  On May 18, 2007, Petitioner filed a writ of certiorari with the North Carolina Court of Appeals, which was denied on June 4, 2007.  On or about November 26, 2007, Petitioner filed another Motion for Appropriate Relief (MAR) which was denied on June 3, 2008.  The North Carolina Court of Appeals then denied Petitioner's Petition for Writ of Certiorari.  On April 24, 2009, Petitioner filed the instant federal habeas petition.

On April 23, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2254 by imposing a 1-year statute of limitations period for the filing of a federal habeas petition.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, the record indicates that Petitioner's conviction became final at the latest on or about September 23, 2003.  As a result, Petitioner's limitation period under AEDPA expired on or about September 24, 2004.  While state post-conviction proceedings can operate to toll a petitioner's limitation period, 28 U.S.C. § 2244(d)(2), Petitioner's limitation period expired long before she invoked that process with her 2007 Motion for Appropriate Relief.  It thus appears that Petitioner's federal habeas petition is untimely.

However, in January 2002, the United States Court of Appeals for the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill the Court held that "when a federal habeas court, prior to trial, perceives a pro se § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation . . . ." Accordingly, this Court now shall give the Petitioner 20 days in which to file a document explaining why her federal habeas petition should be deemed timely filed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED:**

1. That within twenty (20) days of the date of this Order, Petitioner shall file a document, explaining why she believes her federal habeas petition should be deemed timely filed; and

2. That the Clerk shall send copies of this Order to Petitioner, and to the Attorney General of North Carolina.

Signed: April 28, 2009

Graham C. Mullen
United States District Judge