IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV176-1-MU

| | |
|---|---|
| JONEKA DARCELL LOVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SOUTH CORRECTIONAL INSTITUTE, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus, filed April 24, 2009.

A review of the subject federal habeas petition reflects that on June 6, 2002, Petitioner entered a guilty plea to Murder, Conspiracy to Commit Robbery with a Dangerous Weapon, Attempted Robbery with a Dangerous Weapon, Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury, Assault with a Deadly Weapon with Intent to Kill, Discharging a Weapon Into Occupied Property, and First Degree Burglary. At a September 22, 2003, criminal session, Petitioner's guilty plea was set aside pursuant to a Motion for Appropriate Relief filed by Petitioner's counsel and joined by the State. At that same session of court, Petitioner re-entered her guilty pleas to the same charges pursuant to a new plea agreement and received consecutive terms of imprisonment totaling a minimum of 298 months and a corresponding maximum of 385 months imprisonment. Petitioner did not directly appeal her sentence and conviction. On or about March 23, 2007, Petitioner filed a Motion for Appropriate Relief (MAR) in the Gaston County Superior Court. Petitioner's MAR was denied on April 11, 2007. On May 18, 2007, Petitioner filed a writ

of certiorari with the North Carolina Court of Appeals, which was denied on June 4, 2007. On or about November 26, 2007, Petitioner filed another MAR which was denied on June 3, 2008. The North Carolina Court of Appeals then denied Petitioner's Petition for Writ of Certiorari. On April 24, 2009, Petitioner filed the instant federal habeas petition.

After conducting an initial review of Petitioner's federal habeas petition, the Court concluded that it appeared that Petitioner's federal habeas petition was untimely. Therefore, the Court issued a Hill[1] notice ordering Petitioner, within twenty days of the filing of the notice, to set forth why her federal habeas petition should be deemed timely filed.

To date, over twenty days since the filing of her Hill notice, Petitioner has not filed a response. Consequently, based upon the information set forth in the Court's Hill notice, this Court concludes that Petitioner's federal habeas petition is untimely.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as untimely.

Signed: May 20, 2009

Graham C. Mullen
United States District Judge

---

[1] Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).